MD

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Elder Gomez-Lopez,<br><br>　　　　　Defendant/Movant. | No.  CV 14-0435-PHX-FJM (JFM)<br><br>　　　CR 12-0596-PHX-FJM<br><br>**ORDER** |

Movant Elder Gomez-Lopez, who is confined in the Eloy Detention Center, a Corrections Corporation of America facility in Eloy, Arizona, has filed a *pro se* "Motion to Withdraw Guilty Plea, to Vacate Judgment of Conviction and Sentence, and for Dismissal of the Information with Prejudice Pursuant to 28 U.S.C. § 2255."  The Court will call for a limited response to the § 2255 Motion addressing whether this Motion is timely.

**I.    Procedural History**

Movant pled guilty to re-entry of a removed alien, in violation of 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(1).  On June 25, 2012, the Court sentenced Movant to a seven-month term of imprisonment followed by three years of supervised release.

**II.    Section 2255 Motion**

In the § 2255 Motion, Movant asks that his judgment and conviction be vacated

"due to a prima facie case of ineffective assistance of counsel in connection with the invalid guilty plea and invalid plea agreement and waivers, seriously affecting [his] substantial rights and liberty guarantees and *self-executing* statutory immunities as an alien refugee member of a protected class[.]" Movant asserts that his sentence expired on September 11, 2012, but that he is currently in custody within the meaning of § 2255 because he is serving his term of supervised release and undergoing removal and withholding proceedings.

Movant claims that his attorney was ineffective because Movant wanted to present his claim of fear of returning to Guatemala as a bar to the criminal charges. However, his attorney "repeatedly impressed upon [him] that he could not make his claim of fear in the criminal proceedings on the charge of illegal re-entry, and repeatedly falsely assured [him] that [he] could make his claim of fear *only* in immigration removal proceedings after pleading guilty to the charge of 'illegal re-entry' and completion of the criminal sentence." Thus, Movant argues, as a refugee seeking asylum and withholding of removal based on past persecution and a well-founded fear of torture and death, he is factually innocent of the criminal charges brought against him.

Movant raises the issue of timeliness, arguing that that his Motion is timely under § 2255(f)(4)'s tolling provisions because he did not learn the facts supporting his claim of ineffective assistance of counsel until December 2013 when he sought legal assistance to help him with his pending Petition for Review in the court of appeals.

**III.   Potential Dismissal**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for a federal prisoner to file a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.[1] The one-year limitations period generally begins to run on "the date on which the judgment of conviction becomes final."

---

[1] The one-year statute of limitations for § 2255 motions under the AEDPA is the same as the one-year statute of limitations for writs of habeas corpus by persons in state custody under § 2244. *See United States v. Jones*, 963 F. Supp. 32, 34 (D.D.C. 1997).

- 2 -

28 U.S.C. § 2255(f)(1). Absent equitable tolling, Movant's § 2255 Motion appears to be time barred and subject to dismissal.

Movant contends, however, that he is entitled to tolling of the statute of limitations under 28 U.S.C. § 2255(f)(4), which tolls the running of the limitations period until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." He contends that it was not until December 2013 that he discovered that his defense counsel's recommendation to plead guilty and withhold his asylum claim was wrong.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). He must also show a "causal link" between the extraordinary circumstances and the untimeliness of the § 2255 motion. *United States v. Buckles,* 647 F.3d 883, 890 (9th Cir. 2011).

In his Motion, Movant has presented his position as to why his § 2255 Motion should not be dismissed as untimely. Therefore, the Court will require a response from the government limited to the issue of whether Movant's Motion is timely under § 2255 or whether he is entitled to equitable tolling. The government's response **must be limited to this issue** and must be filed within **30 days** of the date this Order is filed. Movant will then be permitted 30 days to file a reply.

If Movant fails to establish that either his § 2255 motion is timely or that he is entitled to equitable tolling, his § 2255 Motion will be denied as untimely.

**IT IS ORDERED:**

(1) The government has **30 days** from the date of this Order within which to respond to this Order on the limited issue of whether Movant's § 2255 Motion is timely, subject to equitable tolling, or should be dismissed as untimely.

1  (2) Movant may file a reply within **30 days** from the date of service of the
2  government's response to this Order.

4  Dated this 10th day of June, 2014.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge